UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|         Plaintiff, | ) | |
| v. | ) | CIVIL NO. |
| | ) | |
| EDWARD B. JEWELL | ) | |
|         Defendant, | ) | |
| | ) | |
| MAINE POTATO GROWERS, INC., CAVENDISH AGRI SERVICES, INC., & ME DEPT. OF LABOR – BUREAU OF UNEMPLOYMENT COMPENSATION – TAX DIVISION | ) ) ) ) ) ) ) | |
|         Parties-in-Interest | ) ) | |

**COMPLAINT FOR FORECLOSURE**

NOW COMES the United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, and for its cause of action alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C. 1345.

2. That, upon information and belief, the Defendant, Edward B. Jewell, last resided at 81 West Road, Monticello, Maine, 04760.

3. That on or about July 20, 2007, said Defendant obtained a loan from the United States of America, United States Department of Agriculture, Farm Service Agency ("FSA") in the amount of $175,000.00.  Said loan is evidenced by one certain Promissory Note of even date

and amount, to be repaid according to the terms set out therein.  A copy of said Promissory Note is attached hereto, marked **Exhibit A** and is incorporated herein by reference.

4. The Promissory Note indicated that the FSA's loans to Defendant were made pursuant to the Consolidated Farm and Rural Development Act and are subject to the present and future regulations of the FSA.

5. That to secure the repayment of said indebtedness, and for other purposes, said Defendant, on July 20, 2007, duly executed, acknowledged, and delivered to the Government one certain Mortgage whereby he granted, bargained and sold to the Government the following premises:

> The following described piece or parcel of land, situated in Lot One Hundred Three (103) in the Town of Monticello, County of Aroostook, and State of Maine, to wit:
>
> Beginning at a point on the south line of Lot Numbered One Hundred Three (103), said point being the southwest corner of a parcel of land described in deed from Beulah A. Swimm to Lawrence E. Swimm dated July 10, 1975 and recorded in the Southern Aroostook Registry of Deeds in Vol. 1191, Page 182; thence westerly along the southerly line of said Lot numbered One Hundred Three (103) for a distance of four hundred seventy-five (475) feet to a point, said point being the place of beginning of parcel herein being conveyed; thence at right angles northerly for a distance of three hundred forty (340) feet to a point; thence at right angles westerly for a distance of two hundred (200) feet to a point; thence at right angles southerly for a distance of three hundred forty (340) feet, more or less, to the south line of said Lot numbered One Hundred Three (103) for a distance of two hundred (200) feet, more or less, to the place of beginning.
>
> Being the same premises described in a Warranty Deed from Aliston Jewell to Edward B. Jewell dated November 1, 1990 and recorded in Vol. 2319, Page 302 of the Southern Aroostook Registry of Deeds.
>
> Subject to an Easement to Maine Public Service Company dated December 5, 1952 and recorded in Vol. 646, Page 226 of said Registry of Deeds.

>Subject to Notice of Layout and Taking by State of Maine re U.S. Route #1 dated June 26, 1985 and recorded in Vol. 1819, Page 119 of said Registry of Deeds.
>
>Subject to Notice of Layout and Taking by State of Maine re U.S. Route #1 dated May 14, 1986 and recorded in Vol. 1891, Page 128 of said Registry of Deeds.
>
>Subject to Notice of Layout and Taking by State of Maine re U.S. Route #1 dated June 10, 1986 and recorded in Vol. 1918, Page 146 of said Registry of Deeds.
>
>Subject to Easement to Maine Public Service Company dated October 1, 1990 and recorded in Vol. 2318, page 340 of said Registry of Deeds.
>
>Subject to a first mortgage to Farm Credit of Maine, ACA dated 9/13/96 and recorded in Vol. 2944, Page 011, and subordinated to Machias Savings Bank dated 8/27/99 and recorded in Book 3313/190.

6. That said Mortgage was duly recorded in the Southern Aroostook County Registry of Deeds in Volume 4473, Page 295, on August 3, 2007. A copy of said Mortgage is attached hereto, marked **Exhibit B**, and is incorporated herein by reference.

7. The Mortgage by its terms is subject to the present and future regulations of the FSA. Upon default, the FSA, with or without notice, may declare the entire amount unpaid under the note and any debt to the FSA secured immediately due and payable, or foreclose and sell the property as provided by law or the terms of the Mortgage. The Mortgage is governed by federal law. Notices given regarding the Mortgage must be sent by certified mail.

8. That the Promissory Note provides, failure to pay when due any debt evidenced by the note or perform any covenant of agreement under the note shall constitute default under the note and any other instrument evidencing a debt of Defendant owing to, insured or Guaranteed by the FSA or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under the note. Upon any such default, the FSA at its option may declare all or any part of any such indebtedness immediately due and payable.

9. The FSA made demand upon Defendant for payment of the outstanding principal balance of and accrued interest on the Promissory Note due to Defendants' non-payment. Specifically, the FSA sent to Defendant by certified mail on July 15, 2011, and April 5, 2012, "NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT" and "AMENDED NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT." These notices stated, among other things: (a) "[T]he entire indebtedness due on the promissory notes . . . which evidence the loans received by you from the [FSA] is now declared immediately due and payable"; (b) "The promissory notes . . . are secured by real estate mortgages, deeds of trust, security agreements, and financing statements. . . . This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments"; and (c) "If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation."

10. Copies of said notices are attached as **Exhibits C** and **D** and are incorporated herein by reference. Defendant certified receipt of these notices at his place of residence.

11. That the Defendant failed to comply with the provisions and conditions of the said Promissory Note and Mortgage by failing to make payments of principal and interest when due.

12. That the United States of America, acting through the FSA, is the present owner and holder of the said Promissory Note and Mortgage.

13. That because of the breach of the provisions of the said Promissory Note and Mortgage, the FSA hereby declares the entire amount of the indebtedness evidenced by the said Promissory Note and secured by the Mortgage to be immediately due and payable.

14. That there is now justly due the United States of America on the said Promissory Note secured by the Mortgage the following sums:

      (a) Principal and advances………..………..  $175,000.00

      (b) Interest through August 26, 2016……..….......  $79,268.93

      **TOTAL**  $254,268.93

together with interest at the daily accrual of $24.5719 thereafter

15. That upon information and belief, Plaintiff may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, and maintenance in order that it may protect and preserve its security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefor, together with interest thereon.

16. That no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Note and Mortgage and that all conditions precedent to the bringing of the action have been performed or have occurred.

17. Defendant is not in the military service of the United States as defined in the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501 et seq., and is not an infant or mentally incompetent person.

18. The Plaintiff has complied with the requirements of 7 C.F.R. § 1951, Subpart S and/or 7 C.F.R. § 766.

19. That the Party-In-Interest, Maine Potato Growers, Inc., has been joined herein because they have or claim to have some interest in the mortgaged premises, or some part thereof, which interest, if any, is subsequent or subordinate to the lien of the Mortgage which is

the subject of this action.  Maine Potato Grower's interest in this property is by virtue of a Writ of Execution dated March 20, 2009, and recorded in the Southern Aroostook County Registry of Deeds in Book 4683, Page 163.

20. That the Party-In-Interest, Cavendish Agri-Services, Inc., has been joined herein because they have or claim to have some interest in the mortgaged premises, or some part thereof, which interest, if any, is subsequent or subordinate to the lien of the Mortgage which is the subject of this action.  Cavendish Agri-Services, Inc.'s interest in this property is by virtue of a Writ of Execution dated May 7, 2009, and recorded in the Southern Aroostook County Registry of Deeds in Book 4699, Page 94.

21. That the Party-In-Interest, the Maine Department of Labor, Bureau of Unemployment Compensation, Tax Division, has been joined herein because it has or claims to have some interest in the mortgaged premises, or some part thereof, which interest, if any, is subsequent or subordinate to the lien of the Mortgage which is the subject of this action.  The State of Maine's interest in this property is by virtue of a Tax Lien dated November 18, 2008, and recorded in the Southern Aroostook County Registry of Deeds in Book 4651, Page 162.

22. That Edward B. Jewell and Lynda C. Jewell were divorced.  Lynda C. Jewell conveyed her interest to Edward B. Jewell and was released from personal liability.

WHEREFORE, the Plaintiff demands judgment as follows:

(a) That the Defendant, subsequent to the filing of a copy of the Complaint instituting this action in the Office of the Southern Aroostook County Registry of Deeds, in which said mortgaged premises are situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the mortgaged premises;

(b)     That said premises may be decreed to be sold pursuant to 28 U.S.C. § 2001;

(c)     That the amount due to the Plaintiff on its Promissory Note and Mortgage may be adjudged;

(d)     That the monies arising from this sale may be brought to Court;

(e)     That the Plaintiff may be paid the amount adjudged to be due to Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale so far as the amount of such money properly applicable thereto will pay the same;

(f)     That the Defendant, Edward B. Jewell, deliver possession of property to the successful bidder at the foreclosure sale 10 days after the date of sale;

(g)     That the Plaintiff may have such other and further relief in the premises as shall be just and equitable.

Dated at Portland, Maine, this 19th day of September, 2016.

UNITED STATES OF AMERICA
THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY
DISTRICT OF MAINE

By  /s/ Andrew K. Lizotte
Andrew K. Lizotte
Assistant U.S. Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 771-3246
Andrew.Lizotte@usdoj.gov