UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 1:16-cv-00476-GZS |
| | ) | |
| EDWARD B. JEWELL, | ) | |
|     Defendant, | ) | |
| | ) | |
| MAINE POTATO GROWERS, INC., | ) | |
| CAVENDISH AGRI SERVICES, INC., & | ) | |
| ME DEPT. OF LABOR – BUREAU OF | ) | |
| UNEMPLOYMENT COMPENSATION – | ) | |
| TAX DIVISION, | ) | |
|     Parties-in-Interest. | ) | |

## CONSENT JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on the promissory note and mortgage, and Defendant, Edward B. Jewell and parties in interest Maine Potato Growers, Inc., Cavendish Agri-Services, Inc., and the Maine Department of Labor, Bureau of Unemployment Compensation, Tax Division, having consented to judgment; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the Amended Complaint; and it appearing from the Consent Motion that Defendant is neither an infant nor incompetent person, nor in the military service of the United States, and that the total amount due to the United States, Farm Service Agency is $254,268.93, together with interest and costs; now upon Plaintiff's Consent Motion for Judgment of Foreclosure and Sale, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. The Consent Motion is granted for the plaintiff.

2. Defendant has breached the conditions of plaintiff's mortgage.

3. The real property, which is the subject of this action and judgment, is as described in the Amended Complaint and as described in a real estate mortgage executed by Defendant recorded in the Southern Aroostook County Registry of Deeds in Volume 4473, Page 295, on August 3, 2007.

4. There is due the United States, Farm Service Agency the sum of $175,000.00, in principal, together with $79,268.93 in interest as of August 26, 2016, for a total of $254,268.93, plus interest accruing thereafter to the date of judgment at the rate of $24.5719, plus any advances made thereafter under the terms of the mortgages plus costs.

5. If Defendant, his successors, heirs, or assigns does not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Aroostook County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6. Defendant shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale, but in no event shall be required to vacate the property before June 30, 2017.

7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The

mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff will enter a minimum bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal, provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of Defendant and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Aroostook County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property and personal property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay Farm Service Agency the principal amount due on its mortgage of $175,00.00, plus interest in the amount of $79,268.93 through August 26, 2016, for a total of $254,268.93, plus interest from that date through the date of judgment at the per diem rate of $24.5719, plus any advances made thereafter under the terms of the mortgages and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit; then he shall pay the Maine Department of Labor the amount due under the lien recorded in Volume 4651, Page 162 on December 1, 2008; next he shall pay Maine Potato Growers, Inc. the amount due under the

Writ of Execution recorded in Volume 4683, Page 163 on March 27, 2009; and finally Cavendish Agri-Services, Inc. the amount due under the Writ of Execution recorded in Volume 4699, Page 94 on May 15, 2009. There being no other parties that have appeared in this action, any surplusage shall then be remitted to Edward B. Jewell.

      10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: January 25, 2017
      Portland, ME

      /s/ George Z. Singal
      George Z. Singal
      U.S. District Judge

ON CONSENT:

Dated: January 11, 2017       THOMAS E. DELAHANTY II
      Portland, Maine       United States Attorney

      /s/ Andrew K. Lizotte
      Andrew K. Lizotte
      Assistant United States Attorney
      U.S. Attorney's Office
      100 Middle Street Plaza, East Tower
      Portland, ME 04101
      (207) 780-3257
      andrew.lizotte@usdoj.gov
      *Counsel for United States*

Dated: January 19, 2017
      Presque Isle, Maine

      /s/ Alan F. Harding
      Alan F. Harding, Esq.
      HARDINGS LAW OFFICES
      427-429 Main St.
      P.O. Box 427
      Presque Isle, ME 04769
      *Counsel for Defendant*

Dated: January 12, 2017
     Presque Isle, Maine

/s/ Brent A. York
Brent A. York, Esq.
Phillips, Olore, Dunlavey & York, P.A.
P.O. Box 1087
Presque Isle, ME 04769
*Counsel for Maine Potato & Cavendish*

Dated: January 12, 2017
     Augusta, Maine

JANET T. MILLS
Attorney General for the State of Maine

/s/ Nancy Macirowski
Nancy Macirowski, AAG
6 State House Station
Augusta, ME 04333
*Counsel for Maine DOL*